**GREEN ISLE PARTNERS, LTD., S.E.,
a Florida Limited Partnership
Plaintiff**

v.

**RESORT BUILDERS, S.E.,
et al. Defendants.**

**No. CIV. 99–2341(JP).**

United States District Court,
D. Puerto Rico.

May 4, 2000.

Néstor Durán González, McConnell Valdés, San Juan, PR, Eric A. Tulla, Rivera, Tulla & Ferrer, Eric Pérez Ochoa, Martínez, Odell & Calabria, Hato Rey, PR, for Plaintiff.

José E. González Borgos, Fiddler, González & Rodríguez, Francisco A. Rosa Silva, Law Offices Ramón H. Vargas, San Juan, PR, for Defendants.

### ORDER

PIERAS, District Judge.

The Court has before it Co–Defendant's Resort Builders, S.E. ("Resort Builders") Motion to Dismiss Pursuant to Rule 12 of the Federal Rules of Civil Procedure (**docket No. 9**)[1] and Plaintiff's Response thereto. Resort Builders moves for the dismissal of Plaintiff's Complaint and Motion to Stay Proceedings Pending Arbitration (docket No. 1) because the matters presented therein fail to state a claim upon which relief may be granted and present

---

1. Resort Builders fails to specify under what subsection of Rule 12 of the Federal Rules of Civil Procedure it brings the instant motion. Because its discussion centers on and takes Plaintiff's allegations as true, the Court shall proceed under a Rule 12(b)(6) standard.

no case or controversy before the Court. The Court hereby **DISMISSES** the above-captioned case, albeit for reasons different than those advanced by Resort Builders.

On December 10, 1999, Plaintiff Green Isle Partners, Ltd., S.E. ("Green Isle") filed a document entitled Complaint and Motion to Stay Proceedings Pending Arbitration (docket No. 1). In its pleading, Plaintiff alleges that it entered into a Construction Agreement ("the Agreement") with Co–Defendant Resort Builders for the construction of the Ritz–Carlton Hotel & Casino in Carolina, Puerto Rico. In connection with the construction, Resort Builders executed a performance bond, which was delivered in Green Isle's favor. According to Green Isle, Resort Builders, Co–Defendant Seaboard Surety Company, and its successor Co–Defendant St. Paul Fire and Marine Insurance Company breached their contractual duties by failing and refusing to remedy defects in the roofing installation performed by Resort Builders at the Ritz–Carlton.

Under the terms of the performance bond, the Agreement between Green Isle and Resort Builders "is by reference made a part of the bond." Furthermore, the Agreement states that "any controversy or Claim arising out of or related to the Contract, or breach thereof, shall be settled by arbitration ... and judgment upon the award rendered by the arbitrator ...." (Agreement at 4.5.1). In view of allegations of breach of contract and the arbitration provision, Green Isle requests that the Court stay the instant proceedings pending the completion of arbitration that the parties hereto started on December 7, 1999. Green Isle, however, requests that the Court retain jurisdiction over the action in order to provide such relief as may be appropriate.

In response to the Complaint and Motion to Stay, Resort Builders states that Plaintiff's Complaint and Motion to Stay should be dismissed because Plaintiff has failed to state a claim upon which relief can be granted. In particular, Resort Builders states that Green Isle cannot seek relief under Section 4 of the Federal Arbitration Act, which allows a remedy against parties that failed to arbitrate under a written agreement, because it has engaged in arbitration. Resort Builders adds that Green Isle's Complaint should be dismissed because it seeks to enforce a arbitration award which has yet to be entered and therefore there is no case or controversy to adjudicate.

Rather than granting Plaintiff's motion for stay, the Court finds that the instant case should be dismissed without prejudice. This dismissal, however, is grounded on different reasons than those proposed by Resort Builders. The Federal Arbitration Act states that where issues before a court are arbitrable, the court shall stay the trial until such arbitration has been completed in accordance with the arbitration agreement. *See* 9 U.S.C. § 3. A court may go a step further and dismiss the action rather than just staying it, if all the claims involved in an action are arbitrable. *See Bercovitch v. Baldwin School, Inc.*, 133 F.3d 141, 156 & n. 21 (1st Cir.1998); *Black & Veatch International Co. v. Wartsila NSD North America, Inc.*, Civ.A. 97–2556–GTV, 1998 WL 953966, *4 (D.Kan. Dec. 17, 1998); *Porter Hayden Co. v. Century Indemnity Co.*, 939 F.Supp. 424, 429 (D.Md.1996). The Complaint filed in the instant case does not raise any claims outside of the scope of the arbitration provisions of the agreement. The allegations therein raise questions of breach of contract which are governed by the Agreement's provision for arbitration. Thus, the Court hereby **DISMISSES** the above-captioned case without prejudice and refers the matter to arbitration in accordance with the agreement entered into by the parties.

**IT IS SO ORDERED.**